IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**BORDER NETWORK FOR HUMAN**
**RIGHTS, et al.,**

      **Plaintiffs,**

vs.                                                                                          CIV 07-001045 MV/WPL

**COUNTY of OTERO, et al.,**

      **Defendants.**

### DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

    Defendants County of Otero, Jason Green and Rob Hansen, by that through their attorneys, Slease & Martinez, P.A., respectfully Answer the Plaintiffs' Complaint as follows:

    1.  With respect to the allegations contained in paragraphs 1 and 2 of the Plaintiffs' Complaint the Defendants admit that the Plaintiffs set forth the purported basis for their lawsuit, but the Defendants deny the Plaintiffs' substantive allegations, deny any acts or omissions that violated the United States Constitution or the New Mexico Tort Claims Act and deny any liability to the Plaintiffs.

    2.  The Defendants deny that they violated the rights of any of the Plaintiffs or engaged in any of the improper acts alleged in paragraph 3 of the Plaintiffs' Complaint. The Defendants are otherwise without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 3 of the Plaintiffs' Complaint and, therefore, deny same.

    3.  The Defendants deny that they have engaged or would engage in any retaliation against any persons as alleged in paragraphs 4, 5, 6, 7, 8, 9 and 10 of the Plaintiffs' Complaint. The Defendants are without sufficient information to form a belief as to the truth of the

remaining allegations contained in paragraphs 4, 5, 6, 7, 8, 9 and 10 of the Plaintiffs' Complaint and, therefore, deny same.

4. The Defendants admit the allegations contained in paragraph 11 of the Plaintiffs' Complaint.

5. The Defendants admit that Defendants Hansen and Green are employed by the County as Sheriff's Deputies, are responsible for upholding and enforcing the law and that they are subject to service of process if located in person at the Otero County Sheriff's Department as alleged in paragraph 12 of the Plaintiffs' Complaint. The Defendants are without sufficient information to form a belief as to the remaining allegations contained in paragraph 12 of the Plaintiffs' Complaint and, therefore, deny same.

6. The Defendants admit that Defendants Hansen and Green were employed by the County as Sheriff's Deputies and, when acting in that capacity, were within the scope of their duties and acting under color of law as alleged in paragraph 13 of the Plaintiffs' Complaint. The Defendants are without sufficient information to form a belief as to the identity of the "Does" complained about by the Plaintiffs and, therefore, deny such allegations. The Defendants state that the remaining allegations contained in paragraph 13 of the Plaintiffs' Complaint set forth legal conclusions to which no response is required. To the extent that a response is deemed required, the Defendants deny violating any of the Plaintiffs' rights and deny proximately causing any injury or damages to the Plaintiffs.

7. The Defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 14 of the Plaintiffs' Complaint and, therefore, deny same.

8. The Defendants deny the allegations contained in paragraphs 15 and 16 of the

Plaintiffs' Complaint.

9.  The Defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 17 of the Plaintiffs' Complaint and, therefore, deny same.

10.  The Defendants deny the allegations contained in paragraphs 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35 and 36 of the Plaintiffs' Complaint.

11.  The Defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraphs 37 and 38 of the Plaintiffs' Complaint and, therefore, deny same.

12.  The Defendants deny the allegations contained in paragraphs 39 and 40 of the Plaintiffs' Complaint.

13.  The Defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 41 of the Plaintiffs' Complaint and, therefore, deny same.

14.  The Defendants deny the allegations contained in paragraph 42 of the Plaintiffs' Complaint.

15.  The Defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 43 and 44 of the Plaintiffs' Complaint and, therefore, deny same.

16.  The Defendants deny the allegations contained in paragraphs 45, 46, 47, 48, 49 and 50 of the Plaintiffs' Complaint.

17.  The Defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 51 of the Plaintiffs' Complaint and, therefore, deny same.

18.  The Defendants deny the allegations contained in paragraphs 52, 53, 54, 55, 56, 57,

58, 59, 60 and 61 of the Plaintiffs' Complaint.

19. The Defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraphs 62 and 63 of the Plaintiffs' Complaint and, therefore, deny same.

20. The Defendants deny the allegations contained in paragraphs 64 and 65 of the Plaintiffs' Complaint.

21. The Defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 66 of the Plaintiffs' Complaint and, therefore, deny same.

22. The Defendants deny the allegations contained in paragraphs 67, 68, 69 and 70 of the Plaintiffs' Complaint.

23. The Defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 71 of the Plaintiffs' Complaint and, therefore, deny same.

24. The Defendants deny the allegations contained in paragraph 72 of the Plaintiffs' Complaint.

25. The Defendants admit the allegations contained in paragraph 73 of the Plaintiffs' Complaint.

26. The Defendants deny the allegations contained in paragraph 74 of the Plaintiffs' Complaint.

27. The Defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 75 of the Plaintiffs' Complaint and, therefore, deny same.

28. The Defendants admit the allegations contained in paragraph 76 and 77 of the Plaintiffs' Complaint.

29. The Defendants admit that Plaintiff Linda claimed that no one had called 911 as alleged in paragraph 78 of the Plaintiffs' Complaint. The Defendants deny the remaining allegations contained in paragraph 78 of the Plaintiffs' Complaint.

30. The Defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 79 of the Plaintiffs' Complaint and, therefore, deny same.

31. The Defendants deny the allegations contained in paragraphs 80, 82 (sic), 83, 84 and 85 of the Plaintiffs' Complaint.

32. The Defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 86 of the Plaintiffs' Complaint and, therefore, deny same.

33. The Defendants admit the allegations contained in paragraph 87 of the Plaintiffs' Complaint.

34. The Defendants deny the allegations contained in paragraphs 88, 89, 90, 91, 92, 93, 94 and 95 of the Plaintiffs' Complaint.

35. The Defendants admit that the Border Patrol was called as alleged in paragraph 96 of the Plaintiffs' Complaint. The Defendants deny the remaining allegations contained in paragraph 96 of the Plaintiffs' Complaint.

36. The Defendants deny the allegations contained in paragraphs 97 and 98 of the Plaintiffs' Complaint.

37. The Defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 99 of the Plaintiffs' Complaint and, therefore, deny same.

38. The Defendants admit the allegations contained in paragraph 100 of the Plaintiffs' Complaint.

39. The Defendants deny the allegations contained in paragraphs 101 and 102 of the Plaintiffs' Complaint.

40. The Defendants admit the allegations contained in paragraphs 103 and 104 of the Plaintiffs' Complaint.

41. The Defendants deny the allegations contained in paragraphs 105 and 106 of the Plaintiffs' Complaint.

42. The Defendants admit the allegations contained in paragraph 107 of the Plaintiffs' Complaint.

43. The Defendants deny the allegations contained in paragraph 108 of the Plaintiffs' Complaint.

44. The Defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 109 of the Plaintiffs' Complaint and, therefore, deny same.

45. The Defendants deny the allegations contained in paragraph 110 of the Plaintiffs' Complaint.

46. The Defendants admit the allegations contained in paragraph 111 of the Plaintiffs' Complaint.

47. The Defendants deny the allegations contained in paragraph 112 of the Plaintiffs' Complaint.

48. The Defendants admit that the United States Border Patrol was summoned as alleged in paragraph 113 of the Plaintiffs' Complaint. The Defendants are without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 113 of the Plaintiffs' Complaint and, therefore, deny same.

49. The Defendants deny the allegations contained in paragraph 114, 115, 116, 117, 118 and 119 of the Plaintiffs' Complaint.

50. The Defendants state that the allegations contained in paragraph 120 of the Plaintiffs' Complaint set forth legal conclusions to which no response is required. To the extent that a response is deemed required, the Defendants deny violating any of the Plaintiffs' rights and deny proximately causing any injury or damages to the Plaintiffs.

51. The Defendants deny the allegations contained in paragraphs 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143 and 144 of the Plaintiffs' Complaint.

52. The Defendants acknowledge that in paragraph 145 the Plaintiffs attempt to establish jurisdiction in this Court for declaratory relief, but the Defendants deny taking any actions with respect to the Plaintiffs that support any demand for declaratory or other relief.

53. The Defendants deny the allegations contained in paragraphs 146, 147 and 148 of the Plaintiffs' Complaint.

54. The Defendants deny that the Plaintiffs are entitled to the relief requested in the Plaintiffs' "Prayer for Relief" including subparagraphs A, B, C, D, E, F, G and H of the Plaintiffs' Complaint.

## General Denial

55. The Defendants deny each and every allegation of the Plaintiffs' Complaint not specifically admitted above, including but not limited to any substantive allegations or claims for relief in Plaintiffs' introduction and prayers for relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred in whole, or in part, by the doctrines of qualified immunity and/or absolute immunity.

### THIRD AFFIRMATIVE DEFENSE

All actions of the Defendants were in done good faith and without malice, were justified, legitimate, objectively reasonable, lawful and necessary under the circumstances, were supported by reasonable suspicion, probable cause and exigent circumstances, were rationally related to an proper governmental purpose, and were not taken with any deliberate indifference to Plaintiffs' rights, nor do they shock the conscience.

### FOURTH AFFIRMATIVE DEFENSE

The acts or omissions of persons other than the Defendants constitute the sole proximate cause of the injuries and damages, if any, alleged by the Plaintiffs.

### FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs have alleged damages as a result of the purported acts or supposed omissions of the Defendants and to the extent that the Plaintiffs have failed to mitigate their alleged damages, if any, any recovery from the Defendants is barred in whole or in part.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages, interest and attorneys' fees are barred, in whole

or in part, by law.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel, waiver and unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

The Defendants' purported actions and alleged omissions do not rise to the level of any statutory or constitutional deprivation of Plaintiffs' rights.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against the Defendants in their official capacities are barred to the extent the Plaintiffs fail to demonstrate a pattern of alleged unconstitutional acts and/or by Plaintiffs' failure to demonstrate the Defendants acted with deliberate indifference to Plaintiffs' rights, and/or by Plaintiffs' failure to demonstrate the Defendants acted, authorized or approved alleged unconstitutional acts by the adoption and/or implementation of an official plan or policy.

## TENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs allege that the Defendants, or any one of them, were negligent or otherwise at fault under any theory, which is denied, Plaintiffs and/or other third persons were negligent or otherwise at fault, thereby barring or reducing Plaintiffs' recovery from the Defendants under the principles of comparative fault.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' state law claims are barred, in whole or in part, to the extent immunity for such claims has not been waived under the New Mexico Tort Claims Act.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for damages, interest and attorneys' fees under state law are barred or limited by the terms of the New Mexico Tort Claims Act.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims under state law are barred, in whole or in part, to the extent that the Plaintiffs were required to but failed to comply with the mandatory notice provisions of the New Mexico Tort Claims Act.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred in whole or in part in that they received all the process to which they were due.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred, in whole or in part, to the extent that the Plaintiffs fail to demonstrate that they were in any protected class of persons and/or fail to demonstrate that they were treated differently than other persons who were similarly situated.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' conspiracy claims are barred by the intra-corporate conspiracy doctrine.

The Defendants reserve the right to rely upon such other defenses as may become known or available during discovery proceedings in this case and hereby reserve the right to amend their answer to include such defenses.

WHEREFORE, having fully answered the Plaintiffs' Complaint, the Defendants respectfully request that this Court dismiss the Plaintiffs' Complaint with prejudice, award the Defendants their costs and fees incurred herein, and for such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        SLEASE & MARTINEZ, P.A.

By *Electronically filed November 28, 2007*
   WILLIAM D. SLEASE
   JONLYN M. MARTINEZ
   Attorneys for Defendants
   P.O. Box 1805
   Albuquerque, New Mexico 87103-1805
   (505) 247-9488

I hereby certify that a copy of the foregoing was served by the Court's CM/ECF system and/or mailed on November 27, 2007 to:

| | |
|---|---|
| Briana Stone<br>Paso Del Norte Civil Rights Project<br>2211 E. Missouri Ste. 100<br>El Paso, TX 79903<br>Ph.:   915-532-3799<br>Fax:   915-532-0621<br>briana_pdn@yahoo.com | Olga Pedroza<br>New Mexico Legal Aid, Inc.<br>600 E. Montana Ste D<br>Las Cruces, NM 88001<br>Ph.:   575-541-4839<br>Fax:   575-541-4860<br>olgap@nmlegalaid.com |

*Electronically filed November 28, 2007*