IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BORDER NETWORK FOR HUMAN
RIGHTS, et al.,

                        Plaintiffs,

vs.                                                CIV 07-001045 MV/WPL

COUNTY of OTERO, et al.,

                        Defendants.

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES TO PLAINTIFF PERLA GUZMAN

TO: Defendants County of Otero, et al, by and through their attorney of record, William D. Slease, Attorney for Defendants, P.O. Box 1805, Albuquerque, NM 87103-1805.

Pursuant to Rule 34, 33, and 36 of the Federal Rules of Civil Procedure, Plaintiff submits the following Responses and Objections to the First Request for Production of Documents and Interrogatories submitted by Defendants County of Otero, et al.

Dated: June 2, 2008

                                    Respectfully submitted,

                                    _____

                                    Briana Stone (*Pro Hac Vice*)
                                    Texas State Bar No. 24056384
                                    Wayne Krause (*Pro Hac Vice*)
                                    Texas State Bar No. 24032644

                                    PASO DEL NORTE CIVIL RIGHTS PROJECT
                                    2211 E. Missouri, Suite 100
                                    El Paso, Texas 79903
                                     915-532-3799 [phone]
                                     915-532-0621 [fax]

                                         *and*

                                    Olga Pedroza
                                    New Mexico State Bar No. 4630

                                    Olga Pedroza, Esq.
                                    P.O. Box 6342
                                    Las Cruces, New Mexico 88006
                                     505-647-0472 (phone)



Exhibit A

ATTORNEYS FOR PLAINTIFFS

CERTIFICATE OF SERVICE

I certify that a true copy of this document was sent on June 2, 2008 to counsel for Defendants, William D. Slease, Attorney for Defendants, P.O. Box 1805, Albuquerque, NM 87103-1805 via fax.

_____

**GENERAL OBJECTIONS**

All of Plaintiff's responses are subject to the following objections:

1.  Plaintiff objects to all Requests for Production to the extent they seek information which is subject to the attorney-client privilege, which constitutes attorney work-product, which is not reasonably calculated to lead to the discovery of admissible evidence, or which is otherwise protected from disclosure.

2.  Plaintiff objects to the "Definitions" and "Instructions" narratives in Defendants' Request for Production to the extent they are not authorized by the Federal Rules of Civil Procedure.

3.  Plaintiff objects to any Request for Production that seeks documents beyond the scope of discovery as provided for by Rules 26 and 34 of the Federal Rules of Civil Procedure.

4.  Plaintiff objects to any Request for Production that seeks documents that are not in their possession or control.

5.  Plaintiff objects to any Request for Production that is vague or ambiguous or that purports to seek duplicative or cumulative production of documents or that are already available to Defendants.

Exhibit A

6. Identification or production of any document does not constitute a waiver of any applicable privilege, nor does it constitute an admission as to the document's relevancy.

7. Plaintiffs reserve the right to amend and/or supplement the following responses in accordance with the Federal Rules of Civil Procedure, as discovery proceeds and before trial.

Subject to the foregoing General Objections, and to the specific objections set forth below, Plaintiffs respond to Defendants' Request for Production as follows:

**SPECIFIC OBJECTIONS AND RESPONSES**

**REQUEST NO. 1:** All statements, correspondence, memoranda, notes or other documents obtained from any person having or purporting to have knowledge relating to the allegations of the Complaint, other than those between Plaintiffs and any counsel who has represented Plaintiffs.

**RESPONSE:** Plaintiff objects to this request on the grounds that the term "statement" is undefined, ambiguous, subject to numerous meanings, and could include oral communications. This request is also overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information because it requests copies of "all statements . . . obtained from any person." The request is also not limited in time or scope. Without waiving these or any other objections, Plaintiffs do not have any statements relevant to this case which are not equally available to Defendants or are not communications between Plaintiffs and counsel. Plaintiffs reserve the right to supplement this response if necessary.

**REQUEST NO. 2:** All documents reflecting or pertaining in any way to any of the Plaintiffs' alleged damages including, but not limited to, all documents which you anticipate introducing at trial in support of any claim for damages.

Exhibit A

**RESPONSE:** Plaintiff objects to this request to the extent that it seeks material that is attorney work-product. Plaintiff will, however, supplement this response as discovery proceeds and will make all disclosures required by Federal Rules of Civil Procedure. Without waiving this or any other objection, Plaintiff does not have any documents reflecting her damages at this time. Plaintiff reserves the right to supplement this response.

**REQUEST NO. 3:** All reports, correspondence, memoranda or other documents which you have received from or provided to any expert retained to testify at trial.

**RESPONSE:** Plaintiffs object to this request to the extent that it requests documents which are attorney work-product. Plaintiffs will produce all discoverable information relating to experts in accordance with FRCP 26 and the court's Scheduling Order.

**REQUEST NO. 4:** All documents or tangible items which may be introduced or used at trial.

**RESPONSE:** Plaintiff objects to this request because it seeks information which is attorney work-product. Plaintiff will, however, supplement this response as discovery proceeds and will make all disclosures required by Federal Rules of Civil Procedure. In addition the request is premature because it requests information that will not be known until after additional discovery is completed.

**REQUEST NO. 5:** Any and all medical records, psychological records, medical bills, or other similar records that describe or discuss any psychological, physical, medical, mental, or emotional injury, pain or distress which you claim that you sustained or which resulted from Defendants' or their agents' or employees' alleged acts or purported omissions.

**RESPONSE:** Plaintiff objects to this request to the extent that it seeks material that is attorney work-product. Plaintiff will, however, supplement this response as discovery proceeds

Exhibit A

and will make all disclosures required by Federal Rules of Civil Procedure. Without waiving this or any other objection, Plaintiff does not have any documents reflecting her damages at this time. Plaintiff reserves the right to supplement this response.

**REQUEST NO. 6:** To the extent that you are claiming any physical, mental or emotional injury in this lawsuit, please sign and produce the enclosed forms authorizing the Defendants to obtain your medical records, including physical and mental health records.

**RESPONSE:** Plaintiff objects to this request in that it is overbroad and not reasonably calculated to lead to discoverable information. To the extent that Defendants are entitled to review Plaintiff's medical records, that right is limited to the records that reflect treatment or injuries related to the incident at issue here. This request is not limited in time or scope and constitutes a fishing expedition. Further, authorizing disclosure of Plaintiff's medical records could compromise their status as confidential in the future as to other parties. Finally, the purpose of requests for production is to request documents in Plaintiff's possession or control. Plaintiff's object to this request because it seeks to require Plaintiffs to create new documents, rather than merely producing existing ones. Without waiving these or any other objections, Plaintiff has not been able to seek medical or psychological treatment as a result of the incidents that gave rise to this lawsuit. Plaintiff will supplement this response by producing documents related to medical or psychological treatment as necessary or required by the Federal Rules of Civil Procedure.

**REQUEST NO. 7:** If you are claiming any lost income, lost earning potential or lost employment opportunities, please sign and produce the enclosed form authorizing the Defendants to obtain your employment records.

Exhibit A

**RESPONSE:**  Plaintiff objects to this request in that Plaintiff's employment history is not relevant to any claim or defense in this case.  This request is also overbroad, not limited in time or scope, and constitutes a fishing expedition.  Further authorizing disclosure of Plaintiff's employment records could compromise their status as confidential in the future as to other parties.  Finally, the purpose of requests for production is to request documents in Plaintiff's possession or control.  Plaintiff objects to this request because it seeks to require Plaintiff to create new documents, rather than merely producing existing ones.  Without waiving these or any other objections, Plaintiff has no employment history.

**REQUEST NO. 8**.  Any photographs, films, charts, diagrams, and or video tapes depicting any of the matters alleged or described in the Complaint, including but not limited to any photographs, films, charts, diagrams or video tapes depicting any injuries or damages allegedly sustained by you as a result of any purported acts or alleged omissions by any Defendant, or by any agent or employee of any Defendant.

**RESPONSE:**  Plaintiffs object to the extent that this request seeks material that is not discoverable because it is attorney work-product.  Without waiving this or any other objection, at this time Plaintiff does not possess any of the requested documents that are not equally available to Defendant as they were obtained through an open records request.  Plaintiffs reserve the right to supplement this response as more information becomes available.

**REQUEST NO. 9:**   To the extent not already requested, any and all invoices, statements, bills, receipts, or other documents reflecting any and all medical and non-medical expenses that you contend were incurred as a result of any alleged act or purported omission of any of the Defendants, their agents or employees in this lawsuit.

Exhibit A

**RESPONSE:**  Plaintiff objects to this request to the extent that it seeks material that is attorney work-product.  Plaintiff will, however, supplement this response as discovery proceeds and will make all disclosures required by Federal Rules of Civil Procedure.  Without waiving this or any other objection, Plaintiff does not have any documents reflecting her damages at this time.  Plaintiff will supplement this response.

**REQUEST NO. 10:**  Copies of all pleadings or documents from any other lawsuits, complaints, administrative actions, deportation proceedings or other actions or claims made by or against you.

**RESPONSE**:  Plaintiff objects to this request because it is irrelevant to the facts, claims, and defenses in this lawsuit.  Moreover, it is also overly broad and not reasonably calculated to lead to discoverable information.  Nor is it limited in time or scope.  Without waiving these or any other objections, Plaintiff has not been a party to any of the aforementioned proceedings.

## INTERROGATORIES

**INTERROGATORY NO. 1:** State your full name, current address, Social Security Number, current martial status, date and place of birth, all other names by which you have been known, and all other addresses at which you have resided for the past ten (10) years.

**ANSWER:**  Plaintiff objects to this request because Plaintiff's residences are irrelevant to the claims and defenses in this lawsuit.  Subject to and without waiving this or any other objection, Plaintiff answers as follows: Perla Arizbeth Guzman; 209 Heroe de la Nacosari, Ciudad Valles, San Luis Potosi, Mexico 79379, born on 5-12-03 in Las Cruces, NM at Memorial Hospital.

**INTERROGATORY NO. 2:** Please state whether you have ever been party to any other lawsuit or administrative action, whether as plaintiff, petitioner, defendant or respondent,

Exhibit A

including but not limited to any personal injury claims, property damage claims, claims involving alleged civil rights violations, divorce proceedings, bankruptcy, competency proceedings, deportation proceedings, unemployment proceedings, workers' compensation proceedings, and collection or foreclosure proceedings. If so, for each lawsuit or administrative proceeding, state: (a) the year filed and the caption and docket number, if any, (b) the court or place such suit, action or claim was filed or litigated; (c) a brief description of the nature of the matter involved; (d) the name, address, and phone number of all parties involved and whether they were plaintiff, defendant, claimant, petitioner, or respondent; (e) the final disposition of the suit, action, or claim; (f) the amount of any settlement or award; (g) the names of the person or persons who acted on behalf of the minor; and (h) the name of all attorneys, if any.

**ANSWER**: Plaintiff objects to this question because it is irrelevant to any of the claims or defenses in this lawsuit. In addition it is overly broad, not limited in time or scope, and constitutes a fishing expedition. It is not reasonably calculated to lead to discoverable information. Subject to and without waiving this or any other objection, Plaintiff answers as follows: I have not been involved in any other lawsuit or other proceedings above.

**INTERROGATORY NO. 3:** Please state the name, address and telephone number of each and every person known to you or to any of the minors represented in this matter by you, who has any information or knowledge regarding the facts and circumstances alleged in the Complaint, or any of the Plaintiffs' alleged injuries or damages, specifying the source and substance of each person's knowledge to the best of your ability, and regardless of whether favorable or unfavorable to the Plaintiffs' allegations, including any and all purported fact witnesses, experts, and/or medical and mental health personnel, and all other persons having

Exhibit A

knowledge thereof, and identify which of these persons you will or may call to testify at a trial of this matter, and for each such person, briefly summarize his or her expected testimony.

**ANSWER:** Plaintiff objects to this request because it is overly broad and unduly burdensome. Virtually the entire community of Chaparral has knowledge regarding the facts and circumstances in this case because it is a small town where these incidents and other similar incidents have garnered a lot of attention and been the subject of a lot of conversations. Moreover, Plaintiff has already disclosed the identities of many of its intended witnesses as required with its FRCP 26 Initial Disclosures. Plaintiff objects further to this request to the extent that it seeks attorney work-product. Plaintiff will supplement this response regarding witnesses as required by the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 4:** With respect to any and all injuries or damages that you allege resulted from the purported acts or alleged omissions of any of the Defendants in this lawsuit, or any agent or employee of any Defendant, please describe in detail the exact nature of each such damage, the specific alleged act by a Defendant or Defendants that led to or that caused each such purported injury or damage, identify to whom the injury or damage was purportedly caused, and identify which Defendant or Defendants, or agent or employee of a Defendant, you contend caused each such injury or damage.

**ANSWER:** Plaintiff has suffered constitutional violations at the hands of unnamed Defendant Deputies and Defendant County who had a policy and practice that allowed and encouraged violation of the Fourth and Fourteenth Amendment pursuant to Operation Stonegarden. Constitutional violations are injuries in and of themselves. Please see ¶¶ 99-118 of Plaintiffs' First Amended Complaint. Plaintiff reserves the right to supplement this response.

Exhibit A

**INTERROGATORY NO. 5:** To the extent you are alleging any physical or emotional injuries as a result of the Defendants' alleged acts or purported omissions, please state the names and business addresses and business phone numbers of each doctor or other professional person who has examined or treated you for any injuries or conditions that allegedly resulted from the purported acts or alleged omissions of any of the Defendants, or their agents or employees. For each such doctor or professional person, please state his or her specialty; a complete description of the treatment or services rendered; the date of each treatment, service or office visit; the reasons for the treatment or services rendered; an itemization of the charge of each treatment, service or visit; and the name, address, and relationship to you of each person, company, corporation or other entity paying all or any portion of such charges and the amount paid by each; and identify which of these doctors, or other professional persons, you intend to call as a witness at any trial of this matter.

**ANSWER:** At this time Plaintiff has not been able to visit any doctors.

**INTERROGATORY NO. 6:** To the extent that you are claiming any physical, mental, or emotional injury in this matter, and to the extent you have not already done so pursuant to the Local Rules of Civil Procedure, Rule 26, please give a full description, including inclusive dates, of each physical, mental or emotional disorder, infirmity, injury, illness, or abnormality that you had or experienced within five (5) years prior to the events alleged in the Complaint, and for each, identify by name, business address and business phone number each and every physician, psychologist, psychiatrist or other professional with whom you have consulted or by whom you have been treated.

**ANSWER:** Plaintiff has not received treatment for any medical or psychological condition in the last five years. She saw her doctor in Chaparral for shots and checkups.

Exhibit A

**INTERROGATORY NO 7:** Have you ever been arrested, charged with or convicted of any crime, whether it be a felony or misdemeanor, cited for a traffic violation, or had a warrant issued for your arrest, and if so, please state as to each the date and place committed; by whom you were charged; city, county, and state where the alleged offense took place; the court and cause number; the type of offense for which arrested, charged, or convicted; and the disposition of each and the penalty you received, if any.

**ANSWER:** Plaintiff objects to this request because it is irrelevant to any of the claims or defenses in this lawsuit. Furthermore, it is overbroad, not limited in time and scope, not reasonably calculated to lead to discoverable information, and it constitutes a fishing expedition. Subject to and without waiving this objection, Plaintiff answers as follows: Perla has no criminal history.

**INTERROGATORY NO. 8:** Please identify each and every exhibit that you intend to attempt to introduce at trail, including a description of its content and the purpose for which each exhibit will be offered.

**ANSWER:** Plaintiff objects to this request because it seeks attorney work-product. Plaintiff will supplement this request as required by the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 9:** Are you claiming any damages for lost earnings, lost income, or lost employment or economic opportunities as a result of the alleged acts or purported omissions of the Defendants, their agents, or employees? If so, please identify your employer or potential employer by name, business address, and business phone number at the time you claim to have lost wages or income or employment opportunity, your actual or prospective job title, duties, and annual rate of pay or compensation, your actual or prospective supervisor, and state

Exhibit A

the total amount of income, wages or economic opportunity you claim to have lost and how such amount was calculated.

**ANSWER:** Plaintiff is not claiming lost income.

**INTERROGATORY NO. 10:** To the extent that you are claiming any lost income, lost earnings or lost economic opportunity, please state the names and addresses of each and every employer you have had for the past ten (10) years, including your present employer, and include the name of your immediate boss, foreman or other supervisor to whom you were responsible at each of the places of employment listed or, if you were self-employed, the name and nature of your business, the type of business entity (e.g. corporation, partnership, limited liability company, sole proprietor) and business address; the duties performed at each such employment; the compensation received at each such employment; the inclusive dates at each such employment; and the precise reason for termination of each such employment.

**ANSWER:** Plaintiff is not claiming any lost income.

**INTERROGATORY NO. 11:** Please state the name and address of each and every expert witness you have retained in this case to and who is expected to testify at trial, as well as all other persons whom you may call at trial or any hearing in this matter to provide or from whom you may seek expert testimony, including but not limited to any and all medical and/or psychological care providers, and give the technical field in which you claim such witnesses are experts, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

Exhibit A

**ANSWER:** Plaintiff has not retained any experts at this time. Plaintiff will supplement this response and disclose all information regarding experts as required by the Federal Rules of Civil Procedure and this Court's Scheduling Order.

**INTERROGATORY NO. 12:** Please state the total dollar amount of damages that you are claiming in this action, if any, and describe exactly and in detail how said damages were computed and identify each document that you intend to rely upon, in whole or in part, in computing said damages.

**ANSWER:** Plaintiff objects to this request to the extent that it seeks attorney work-product. Subject to and without waiving this or any other objection, Plaintiff is claiming damages of $10,000 for the constitutional violations that occurred in addition to lost opportunity and mental anguish. Plaintiff reserves the right to supplement this response.

Exhibit A