IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BORDER NETWORK FOR HUMAN
RIGHTS, MIRANDA LOPEZ, JAVIER
MORENO, REBECCA MORENO,
VANESSA MARTINEZ, JAIME SOTO,
JESSICA RUIZ, ALICIA RUIZ, PEDRO
SALAS, and NATALIA VARGAS and
JORGE GARCIA, for themselves and their
minor children, MARIA GARCIA, VICTOR
GARCIA, AND ELVIRA GARCIA,

                      **Plaintiffs,**

v.                                                            CV 07-01045 MV/WPL

COUNTY of OTERO, NEW MEXICO,
DEPUTY JASON GREEN, DEPUTY ROB
HANSEN, and SEVERAL UNNAMED
OTERO COUNTY SHERIFF'S
DEPUTIES,

                      **Defendants.**

## CONFIDENTIALITY ORDER

      This matter having come before the Court on the joint stipulation and agreement of the parties to allow the inspection by the parties of certain records, material and information which are not otherwise protected from discovery by the attorney-client privilege or the work product doctrine, and the Court being advised that such production will include certain information that is private and confidential; that disclosure of such information may or will invade the confidentiality and privacy rights of the parties and of third persons not a party to this lawsuit; the Court finds that this Confidentiality Order is needed in this action to protect such persons' rights of privacy, to protect confidential information, and to limit disclosure and use of such information and documents to this civil proceeding.  Therefore, pursuant to Fed. R. Civ. P. 26(c) the Court hereby

makes and enters the following Confidentiality Order protecting the confidentiality of certain documents and information which is or may be within the knowledge of the parties and which may be subject to discovery in this lawsuit.

IT IS THEREFORE ORDERED:

1. This Order shall govern the use and/or production and disclosure of certain personal and confidential materials contained in the Defendants' personnel files and the Plaintiffs' medical records (hereafter the "Confidential Material") which may be produced or disclosed during this litigation. A producing party shall designate Confidential Material, other than deposition transcripts, either by setting forth in a cover letter with any Confidential Material produced that such material is Confidential Material, or alternatively, by placing a cover sheet on the front of Confidential Material produced, with the word "CONFIDENTIAL" typed, written or printed on such cover sheet. The identification of Confidential Material in either of these fashions shall mean that all materials or information produced with such cover letter or cover sheet shall be "Confidential Material" unless the producing party clearly indicates otherwise.

2. The Confidential Material shall be disclosed only to the parties (or their officers, employees or agents to whom it is necessary that such information be shown in the preparation of trial of this action), attorneys for named parties in this action (including their employees), and outside expert witnesses and consultants employed by the parties or their attorneys for this action. All such persons shall use such Confidential Material solely in the preparation for or at the trial of this action and for no other purpose. All outside expert witnesses and consultants employed for this action shall sign a copy of this Order, which shall be retained by the attorney by whom they were employed. By signing a copy of this Order each such person agrees to be bound by the

terms of the Order and to be subject to the jurisdiction of this Court. Upon request, counsel for the party producing Confidential Material shall be entitled to copies of the Order bearing the signatures of all such persons.

3. Confidential Material received from any producing party shall not be used by the receiving party for any purpose other than this lawsuit.

4. All Confidential Material provided by a producing party to any other party or person in this lawsuit, and any copies made therefrom, shall be returned to the attorney for the producing party within ten (10) days of the termination of this lawsuit, whether by entry of a final judgment by this Court, upon dismissal of this lawsuit, or upon final disposition by appeal, whichever is latest, and no copies thereof shall be retained by any person.

5. Nothing contained in this Order, and no action taken pursuant to this Order, shall prejudice the right of any party to contest the alleged relevancy, admissibility or discoverability of documents sought or subject to this Order.

6. Nothing contained in this Order shall preclude the producing party of any Confidential Material from using that Confidential Material produced by that party in any manner the producing party sees fit, or from revealing the Confidential Material to whomever the producing party chooses, without prior consent of any receiving party or of this Court.

7. This Order shall continue in full force as to all of the parties and persons subject to this Order during the pendency of this action and it shall survive any final judgment, dismissal, or final disposition by appeal, unless and until it is amended or superseded by express order of this Court.

8. Confidential Material may be disclosed to deponents during the course of their deposition. However, the attorney disclosing such material must advise the deponent on the record that, pursuant to this Order, such person may not divulge such confidential material to any other person. The attorney disclosing such material must then furnish a copy of this Order at the time of such deposition to the deponent. On receipt of such advice and a copy of this Order, the deponent will be under the same restrictions with respect to the Confidential Material as all of the parties hereto. Further, with respect to any deposition testimony concerning any Confidential Material, such deposition testimony shall be deemed confidential and no portion of any deposition transcript deemed confidential shall be disclosed to any person except the deponent, and those persons described in paragraph 2 of this Order.

9. In the event that any Confidential Material is included with, or the contents thereof are in any way disclosed in, any pleading, motion, deposition transcript or other papers filed with the Clerk of this Court, such Confidential Material may be kept under seal by the Clerk if so ordered by the Court; provided, however, that in such cases, all such papers shall be furnished to the Court and attorneys for the parties, and a duplicate copy thereof with the confidential material deleted therefrom, may be placed in the public record.

10. Nothing contained in this Order shall be deemed to preclude any party from seeking and obtaining, on appropriate showing, relief from this Order, additional protection with respect to the confidentiality of documents or other discovery material, or from providing by stipulation exceptions to this Order.

WILLIAM P. LYNCH
United States Magistrate Judge

**APPROVED AND AGREED TO:**

<u>Approved via e-mail</u>
    BRIANA STONE
    Paseo del Norte Civil Rights Project
    Attorneys for Plaintiffs
    2211 E. Missouri, Ste. 100
    El Paso, TX 79903
    (915) 532-3799
    (915) 532-0621 (fax)
    briana_pdn@yahoo.com


SLEASE & MARTINEZ, P.A.


<u>Submitted electronically August 5, 2008</u>
    WILLIAM D. SLEASE
    JONLYN M. MARTINEZ
    Attorneys for Defendants
    PO Box 1805
    Albuquerque, NM  87103-1805
    (505) 247-9488